UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES, | : |
| | : |
| | : No. 3:17-CR-159 (VLB) |
| v. | : |
| | : |
| | : September 12, 2019 |
| NORTHRUP, et al. | : |

# MEMORANDUM OF DECISION GRANTING THE GOVERNMENT'S MOTION IN LIMINE REGARDING THE USE OF COCONSPIRATORS' STATEMENTS AT TRIAL, [ECF No. 522] AND DENYING DEFENDANT ANTHONY MIRANDA'S MOTION [ECF No. 521]

The Defendant in this case has filed a motion *in limine* requesting the Court to determine, prior to trial, whether statements made by alleged coconspirators of the Defendant are admissible under Federal Rule of Evidence 801(d)(2)(E) before allowing their "wholesale admission" at trial. [ECF No. 521 at 1-2]. Rule 801(d)(2)(E) allows the admission of such statements as non-hearsay if they were "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The Defendant states that such statements are "not admissible under F.R.E. [sic] 801(d)(2)(E) unless and until the Government establishes, by a preponderance of the evidence, that (1) there was a conspiracy; (2) that the declarant and Mr. Miranda were both members of said conspiracy; and (3) that the statements were made during the course and in furtherance of that conspiracy." [ECF No. 521 at 1-2 (citing *United States v. Farhane*, 634 F.3d 127, 161 (2d Cir. 2011) and *United States v. Tellier*, 83 F.3d 578, 580 (2d Cir. 1996)]. Finally,

the defendant notes that while the Court "may" consider such statements in determining the existence of a conspiracy, there must be "independent corroborating evidence of the defendant's participation in the conspiracy." [ECF No. 521 at 2 (quoting *Tellier*, 83 F.3d at 580, and citing *United States v. Desena*, 260 F.3d 150, 158 (2d Cir. 2001)].

The Government argues that the Court need not determine the admissibility of alleged coconspirator statements prior to trial and that standard operating procedure in the Second Circuit is to admit the statements "on a conditional or provisional basis, subject to the later submission evidence [sic] necessary to establish the pre-requisites." [ECF No. 522 at 6]. The Government states that the Second Circuit's "seminal case" regarding the admission of coconspirator statements, *United States v. Geaney*, "established the Circuit's procedural protocol" in this regard when it held that coconspirator statements may be admitted "subject to connection . . . when all the evidence is in" by the Court. *Id.* (quoting *Geaney*, 417 F.2d 1116, 1120 (2d Cir. 1969). The Government also notes that while the United States Supreme Court, in *United States v. Bourjaily*, 483 U.S. 171, 181 (1987), held that a court "may" consider coconspirator's statements in determining the existence of a conspiracy, that holding was superseded by a later amendment to Rule 801(d)(2)(E) that "makes clear that district courts 'must' consider the content of the coconspirator statement in determining 'the existence of the conspiracy or participation in it.'" [ECF No. 522 at 4 (quoting Fed. R. Evid. 801(d)(2)(E)]. Finally, the Government notes that requests for a pretrial hearing to determine the admissibility of coconspirators' statements, which the Defendant's

motion impliedly seeks, "have been consistently rejected" in this circuit, quoting *Untied States v. Henry*, 861 F. Supp. 1190, 1196 (S.D.N.Y. 1994), which held that "a hearing, prior to trial, on the admissibility of any co-conspirator statements…is neither required nor generally convened in this Circuit."  [ECF No. 522 at 7-8]

The Court agrees with the Government.  First, the Court <u>must</u> consider coconspirator statements to determine the existence of a conspiracy and the Defendant's participation in it.  That is mandated by Rule 801(d)(2)(E) and the Court is not free to disregard that mandate, as Defendant suggests.  *See* [ECF No. 521 at 2 ("[T]he court <u>may</u> consider any proffered hearsay statements . . . ." (emphasis added)].  Second, the Government is correct that *Geaney* established the now well-settled rule that in the Second Circuit coconspirators' statements are to be admitted conditionally or provisionally "subject to connection," which must be completed by the Court after the "evidence is in."  *Geaney*, 417 F.2d at 1120.  While it is true that in other circuits pre-trial conspirator admissibility hearings are routinely conducted, that is not the case here.  *See United States v. Feola*, 651 F. Supp. 1068, 1129-30 ("At this late date, a motion for a *James* [coconspirator statement admissibility] hearing in this Circuit must be regarded as frivolous. Defendants who want *James* hearings should so conduct their business as to be tried in the Fifth or Eleventh Circuits.").

For these reasons, the Government's Motion *in Limine*, [ECF No. 522], is granted and the Defendant's Motion, [ECF No 521], is denied.[1]

---

[1] Defendant also argues that the Government should disclose the basis for any evidence it offers concerning Defendant's "other crimes, wrongs or acts" before trial, citing Rule 404(b) and *United States v. Foskey*, 636 F.2d 517, 526 n.8 (D.C. Cir.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: September 12, 2019

---

1980). [ECF No. 521 at 2-4]. The Court disagrees. The Court is free under Rule 404(b) to dispense with pre-trial notification for good cause, which exists here, where there is only one defendant and no evidence has been submitted that would lead the Court to conclude that excessive "complexity," which the *Foskey* court was concerned with, exists. Because Rule 404 already requires the Government to establish the basis for admissibility of this evidence, the Court denies this section of Defendant's Motion as moot, as the Court declines to order the Government to comply with pre-existing obligations.